**TEAMSTERS LOCAL UNION NO. 688 affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor organization, Plaintiff,**

v.

**CROWN CORK & SEAL COMPANY, INC., Defendant.**

**No. 71 C 817(3).**

United States District Court,
E. D. Missouri, E. D.

Nov. 28, 1972.

10. Economic Stabilization Circular No. 102, *supra.*

**486**

Clyde E. Craig, Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for plaintiff.

Harold I. Elbert and John O. Hichew, Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

WEBSTER, District Judge.

This is a contract action for damages brought by plaintiff Teamsters Local 688, a labor organization representing employees in an industry affecting commerce, against defendant Crown Cork and Seal Company arising out of the disputed meaning of a provision in their collective bargaining agreement. Jurisdiction is founded on § 301 of the Labor Management Relations Act. 29 U.S.C. § 185. The case was tried to the court without a jury.

The substantive law to be applied is federal law fashioned from the policy of our national labor laws. Textile Workers Union v. Lincoln Mills, 353 U. S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

The dispute centers on the interpretation to be given the following italicized paragraph in the collective bargaining agreement between the parties:

"Effective MARCH 5th, 1969, the Company agrees to contribute to the Central States, Southeast and Southwest Areas Pension Fund the sum of TEN ($10.00) DOLLARS per week for each employee who has been on the payroll thirty (30) days or more.

*"The Company thereafter (but for a period not exceeding the termination of this Contract) agrees to contribute to the said Central States, Southeast and Southwest Areas Pension Fund such amount or amounts as are or may be in the future from time to time required to be paid by other contributory Employers to said Fund for each employee covered by the Central States Area Local Cartage Agreement."* Agreement between Crown Cork & Seal Company, Inc. Plant No. 12 and Teamsters Local Union No. 688, March 1, 1970 to February 28, 1973, Article XXVIII at p. 24. (Italics supplied)

Plaintiff seeks to recover $30,041.00 on the theory that defendant is required to pay to the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), as pension contributions on behalf of its employees, the same amount as is currently required to be paid by employers who are parties to the Central States Areas Local Cartage Agreement ("Cartage Agreement"). Plaintiff admits that defendant is not a member of and has no employees covered by the Cartage Agreement, but contends that the Cartage Agreement was used as a point of reference for determining the amount defendant is required to pay to the Pension Fund. Defendant contends that it is obligated to pay only $10.00

per week for each employee who has been on the payroll for thirty (30) days or more, as the first of the paragraphs quoted above provides, and there is no dispute that this amount has been paid. It is defendant's position that it is not liable for additional amounts under the second paragraph quoted above since it has no employees covered by the Cartage Agreement.

It is shown by the positions of the parties that the issue to be decided is whether the phrase "for each employee covered by the [Cartage Agreement]" refers to defendant's employees covered by the Cartage Agreement, of which there are admittedly none, or refers to employees of members of the Cartage Agreement as a point of reference to determine the amount defendant is required to pay. The positions of both parties are tenable. The meaning of the phrase, when read with the agreement as a whole, is unclear.

When the meaning of a phrase in a contract is unclear, the court attempts to determine the intention of the parties. The parol evidence rule applies in the interpretation of collective bargaining agreements. Heavy Contractors Assn. Inc. v. Int'l Hod Carriers Construction and General Laborers' Union, Local No. 1140, 63 L.C. 19, 681 (D.Neb. 1970), aff'd per curiam 63 L.C. 19, 684 (8th Cir. 1970). Parol evidence is admissible to show the circumstances under which the agreement was made as an aid to determine the intention of the parties.

In 1970 the parties negotiated a new collective bargaining agreement covering the period March 1, 1970 to February 28, 1973. A previous agreement had been in effect since March 1, 1967. Article XXIX of the earlier agreement provided for pension contributions per employee of $8.00 per week from February 27, 1967 to March 3, 1968; $9.00 per week from March 4, 1968 to March 4, 1969, and $10.00 per week from and after March 5, 1969. The agreement next contained in exact form the language of the disputed paragraph.

The National Master Freight Agreement and the Central States Area Local Cartage Agreement deal with conditions of employment of employees represented by National Over-The-Road and City Cartage Policy Negotiating Committee whose employers are signators or members of Associations who are signators to such agreements. The defendant corporation was not a signator nor was it a member of a local cartage association which was a signator to such agreements. More specifically, it covers "employees of private, common, contract and local cartage carriers"—a classification outside the job classification for employees under the agreement between defendant and plaintiff union (Appendix "A"). Defendant did not and does not presently operate such carrier business or function.

Plaintiff's business agent Paul Akers testified that he had negotiated the last agreement with defendant, another agent having negotiated the prior agreement. He deleted the paragraphs relating to earlier increases in the 1967 agreement, leaving the last or $10.00 per week figure, and the disputed paragraph. He testified that during negotiations he made no demand for an increase in the $10.00 figure, which had been in effect since March 6, 1969. At the same time Akers conceded that he did attempt to obtain an increase for office workers. Glen R. Foelsch, St. Louis personnel manager of defendant, testified that the first demand for additional payments under the current agreement was not received until July 2, 1971.

During the period of both the 1967 and 1970 agreements, it is undisputed that defendant employed no truck drivers locally and that no increases in contributions to the Central States Pension Fund were actually put into effect pursuant to the disputed paragraph which appeared in both agreements.

Reference to other sections of the Agreement are not particularly illumi-

nating. Article I, section 2, defines the term "employee" as used in the agreement to include "all production and maintenance employees," but not to include direct representatives of management or employees covered by agreements with certain other unions. The term "employee" is used in numerous other Articles, always with reference to employees of defendant.[1] In the earlier portions of Article XXVIII the reference to "employee" is to employees of defendant. Had the parties intended to refer to employees of someone other than defendant in the second paragraph, they could and should have done so.

This case illustrates the necessity of spelling out contribution clauses in labor agreements with as much precision as possible. If the parties had intended to use the Local Cartage Agreement as the base (or minimum) rate of contribution, it would not have been difficult to say so in so many words. It is clearly permissible to incorporate such provisions by reference. It is equally permissible to provide for an applicable rate of contribution in the event certain employers or future employers should become covered by the Local Cartage Agreement.

 This is an action for damages in breach of contract. The burden of persuasion is upon the plaintiff. The evidence shows that the ambiguous second paragraph was prepared by the plaintiff. When part of a contract is unclear or open to different constructions, it is construed most strongly against the party who prepared it and at whose urging it was inserted into the contract. Miraville Supply Co. v. El Campo Rice Milling Co., 181 F.2d 679, 683 (8th Cir. 1950), cert. denied 340 U. S. 822, 71 S.Ct. 56, 95 L.Ed. 604 (1950). The second paragraph therefore must be construed against plaintiff.

The foregoing constitutes the court's findings of fact and conclusions of law. Fed.R.Civ.P. 52(a).

[1]. IV, VI, VII, VIII, IX, X, XII, XIV, XV, XVI, XVIII, XIX, XX, XXII, XXIII, XXIV, XXV, XXVI, XXVII,

The clerk will enter judgment in favor of defendant and against plaintiff. Costs are assessed against plaintiff.

So ordered.

XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, XXXVII, XXXIX, XL.